PLUMMER v. McKEAN & McKEAN.

1. It is correct as a general rule, that an obligation to pay a sum of money, which may be discharged by the payment of a lesser sum, is to be considered as a penal obligation, and that the lesser sum only is recoverable, with interest.
2. But where the payment is to be made at a different and distant place, it is otherwise. and the larger amount may be recovered.

THIS was a writ of error sued out by Plummer, to reverse the judgment of the Circuit Court of Franklin coun-

ty, rendered on a verdict in his favor, at October term, 1825. He had instituted an action of debt in said Court, against J. C. and J. W. McKean, on an instrument, of which the following is a copy:

"$2,000. On or before the first day of April next, we promise to pay to James R. Plummer, or order, two thousand dollars, which if paid in par money at New Orleans, may be discharged by sixteen hundred dollars: value received. Witness our hands and seals, September 19th, 1821.

J. C. McKEAN",    [L. S.]
JOS. W. McKEAN" [L. S.]

At the trial, the Court. on the motion of the defendants, instructed the jury " that the instrument was a penal bond, and that they could not give a verdict for more than the sum of sixteen hundred dollars, and interest," to which the plaintiff excepted; and this is now assigned for error.

HOPKINS, for the plaintiff in error, argued, that by the failure to pay in New Orleans, the defendants became liable to pay the full amount, and that the instructions were erroneous.[a]

COALTER, for the defendants.

By JUDGE CRENSHAW. The question to be settled, is, whether the $2,000 is penalty, or whether it is the debt actually due? I lay it down as a correct general rule, that where a greater sum is to be discharged by the payment of a less, without reference to the place of payment, or other circumstances which would form an exception to the general rule, the greater sum will be considered as penalty, and the less as the debt actually due.

But the case under consideration forms an exception to the rule. From the peculiar phraseology of the contract, the distance of the place where the money was to be paid, the difference of exchange, and the advantage of prompt payment to the obligee, I infer that the $2,000 was the debt actually due, and not penalty. The case in 3d Atkyn's Reports,[b] which was a mortgage at 4½ per cent. with a proviso, that if the interest be paid semi-annually, the mortgagee will accept of 4 per cent. illustrates the principle now contended for. Chancellor Hardwick decided, that if the 4 per cent was not paid, the mortgagee might recover the 4½ per cent. and that the greater interest was

*JANUARY 1830.*

*Plummer
v.
McKean &
McKean.*

*a* 3 Atkyns. 519. 2. H. Blackstone, 519.

*b* Page 520.

not penalty. So in the case at bar, though the debt of two thousand dollars might have been discharged, by the prompt payment of $1600 at New Orleans, yet it is not to be taken as *nomine pœnæ.* The Court are of opinion that the judgment of the Circuit Court must be reversed, and the cause remanded.

By JUDGE SAFFOLD. It was clearly expressed, that $1600, if paid in New Orleans, should discharge the debt. The stipulation that the payment should be in "par money," was not different from the legal obligation to pay other debts. If $2,000 is to be considered as the true debt, it could no where be discharged in any thing inferior to notes at their current rate of exchange. The payment could only have been made in specie, or other medium which the creditor was willing to receive as its equivalent. An agreement to pay a particular sum of money, subject to be discharged by a less sum, if punctually paid, is substantially the same as a contract to pay the smaller sum, and in default thereof, that the larger amount shall be the sum due. The difference is only in the phraseology, for the legal effect of the contract in either form, is precisely the same. In all such contracts, the larger sum is in law regarded as penalty; and I conceive such to be the doctrine of a variety of former decisions by this and other Courts. Then can the fact, that the less sum contracted to be received in discharge of the debt, was to be paid at a particular place, vary the principle? If so, there could be no difficulty in shaping contracts accordingly, and evading the legal objection to the recovery of penal stipulations.

I conceive that this question ought to be determined, like all others of a kindred nature, with a view to the difference in the sums, and the reasonableness of the higher responsibility, compared with the injury or inconvenience to be incurred by the failure to comply. Can it be supposed, that the parties to this contract estimated as a real difference, four hundred dollars in the value of this debt, for the sake of having the payment made in Orleans? I presume not; as one tenth of that sum would have been an adequate premium for the expense and risk of the remittance.

The case of *Nichols v. Maynard,* [a] which is mainly *a* 3 Atk. 519. relied on by the plaintiff in error, was a case in which money had been lent on interest, at four and a half per cent. and secured by mortgage. But there was a verbal agreement, that if the mortgagor paid the interest for every half

54

year, before the third quarter became due, the mortgagee would abate a half per cent. The interest not having been thus promptly paid, the question was, whether four or four and a half per cent was due? The four and a half per cent was allowed by the Chancellor. In that case, however, the difference of the premiums was only a half per cent. and both within the legal rate of interest; and the less sum was agreed to be taken as a discharge, only on condition that the same was paid earlier than the maturity of the higher rate. I consider it a general and almost invariable rule, that the least sum, which by the terms of the contract will discharge a debt on the day appointed for payment, is to be regarded as the true debt. Suppose the $1,600 in this case to have been the true debt, and that the defence had been usury; doubtless the defence must have prevailed, unless defeated by the stipulation that payment of the amount of the true debt should be received as a satisfaction. I conceive that this would have been the correct legal view of the subject, and that in any form in which the question can be presented, the additional sum of four hundred dollars ought to be treated as *nomine pœnæ.* I therefore dissent from the opinion of the majority.

Reversed and remanded.